UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rafael Hiraldo (A95 951 569)  )<br>Danilda Hiraldo (A96 672 052) )<br>                              )<br>    Plaintiffs,              )<br>                              )<br>    V.                        )<br>Andrea Quarantillo            )<br>District Director, USCIS      )<br>New York, New York            )<br>                              )<br>    Defendant.                )<br>_____) | 08CV00141<br><br>ECF CASE |

## COMPLAINT FOR MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiffs by their attorneys Wilens & Baker, P.C., for Lawful Permanent Residence claim for relief states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiffs, by whom statutes jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiffs. Jurisdiction is also conferred by 5 U.S.C. §555 and 701 et seq, the Administrative Procedures Act, by unlawfully withholding or unreasonably delaying action on Plaintiffs' application and has failed to carry out the adjudicative functions delegated to him by law with regard to Plaintiffs' case.

2. This action is brought to compel Defendant and those acting under her to rule upon the application and petition filed by the Plaintiff.

### PARTIES

3. PLAINTIFFS are citizens of the Dominican Republic. They currently reside at 975 East 181st Street, Apt. 3C, Bronx, NY 10460.



4. DEFENDANT, Andrea Quarantillo, is the District Director of Citizenship and Immigration Services for the District of New York, and is charged by law with the statutory obligation to adjudicate Adjustment of Status applications.

## FACTS

5. Plaintiffs filed an application for adjustment of status, upon information and belief on or about September 25, 2003.

6. On August 31, 2005 Plaintiff Rafael Hiraldo was interviewed by Defendant's agent. On April 17, 2006 Plaintiff Danilda Hiraldo was interviewed by Defendant's agent. Plaintiffs have never received adjudication of their respective application.

7. The normal and customary period prescribed by Defendant for adjudicating applications such as Plaintiffs in this District has long passed.

8. Defendant is admittedly inundated with applications such as Plaintiffs and has limited adjudication officers to adjudicate these applications.

9. This volume of cases is also why Defendant has established its own internal procedures to be able to adjudicate applications in a timely manner.

## CLAIMS

10. Defendant willfully, and unreasonably has delayed in and has refused to, adjudicate the application of Plaintiffs, thereby depriving Plaintiffs of their statutory right to lawful permanent residence.

11. Defendant owes Plaintiffs the legal obligation to adjudicate the application within a reasonable time and has unreasonably failed to perform that duty.

12. Defendant's failure to adjudicate Plaintiffs applications has the effect of placing plaintiff in a status where they may be subject to Removal (Deportation) Proceedings; where their current status restricts their employment opportunities because of the uncertainty of their application and therefore is a direct financial detriment; where Plaintiffs' current status requires them to pay a yearly fee Defendant to renew their authorization to work in the United States and is another financial detriment; where this delay has the effect of also delaying when they are eligible to apply for Naturalization.

13. Individuals with pending adjustment applications such as plaintiffs may also be restricted in their ability to travel outside of the United States, even with Defendant's grant of advance parole, due to recent legislation which would bar them from receiving their legal resident status due to their unlawful presence in the United Status.

14. Plaintiffs have exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendant and those acting under her to perform their duty and adjudicate the application;

(2) Grant such other and further relief as to this Court seems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,
By: Spiro Serras, Esq.

(ID# SS 9232)

WILENS & BAKER, PC
Attorneys for Plaintiffs
450 Seventh Avenue
New York, NY 10123
212-695-0060

Dated: December 19, 2007